[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTIONS #153 and #153.50 MOTION TO MODIFY VISITATION
A hearing was held concerning this matter on March 3, 2003 and was completed on that same date. During the hearing both parties appeared and presented evidence concerning the instant motion.
In a Motion for Modification dated January 1, 2003, the plaintiff Nancy Samler moved this Court to modify the current visitation orders as follows:
1) Pick up be re-established as, Exit 42, I-95 in West Haven; 2) Defendant have visitation with son alone 1 week in June and both children for 1 week in June; 3) February and April school breaks: Both children for one of the weeks or both children for one-half of both weeks; 4) Pick up point be a restaurant or other place that is well lit and safe for children.
The Applicant asserts that there has been a substantial change in circumstances since the Court entered its previous orders concerning visitation. She states that said changes are:
Plaintiff was under duress during the 10-7 agreement discussions due to threatening letters from defendant received by her and her elderly parents. Defendant has harassed plaintiff at pick-up points for visitation and caused distress to the 2 disabled children.[1]
The file concerning this matter indicates that on October 7, 2002, by way of an agreement of the parties that was approved as an order of this Court, the Court issued specific orders concerning visitation. Said orders outline pick-up and drop-off points, length of visits, as well as which child is the subject of the visitation. These are exactly the same issues that the plaintiff is raising in her motion to modify.
The plaintiff asserts that she was under duress when she entered the CT Page 3781 October 7, 2002 agreement.
For a party to demonstrate duress, it "must prove [1] a wrongful act or threat [2] that left the victim no reasonable alternative, and [3] to which the victim in fact acceded, and that [4] the resulting transaction was unfair to the victim." Barbara Weisman, Trustee v. Kaspar,233 Conn. 531, 549-50 n. 15, 661 A.2d 530 (1995). "The wrongful conduct at issue could take virtually any form, but must induce a fearful state of mind in the other party, which makes it impossible for [the party] to exercise his own free will." (Internal quotation marks omitted.) Zebedeov. Martin E. Segal Co., 582 F. Sup. 1394, 1417 (D.Conn. 1984).
Noble v. White, 66 Conn. App. 54, 59 (2001).
Having heard testimony from both parties concerning this matter this Court finds that the plaintiff has failed to meet her burden of proof to show that there was a wrongful act or threat that put her into such a fearful state of mind that she had no alternative but to enter into the subject agreement. This Court further finds that the plaintiff had a clear alternative to entering into the October 7, 2002 visitation agreement, i.e, the alternative of having a full hearing on the merits when the matter came before the Court during the October 23, 2002 Calendar call. Instead, on that same date, the plaintiff entered into the subject agreement and the agreement was then approved as an order of the Court.
For the foregoing reasons, this Court therefor finds that the plaintiff did not enter into the agreement under duress.
As to the issue of the defendant harassing the plaintiff at the pick-up and drop-off points, this Court heard testimony concerning the same. After weighing the evidence concerning this issue, including, but not limited to assessing the credibility of the witnesses, this Court comes to the conclusion that the plaintiff has failed to meet her burden of proof concerning the alleged harassment.
Section 46b-56 of the Connecticut General Statutes concerns Superior Court orders re custody. Subsection 46b-56 (b) provides in pertinent part that:
In making or modifying any order with respect to custody or visitation, the court shall (1) be guided by the best interests of thechild, giving consideration to the wishes of the child if the child is of sufficient age and capable of forming an intelligent preference . . .[2]
CT Page 3782
(Emphasis added.)
Although both parties argued at length for and against the proposed modification of the previous Court orders concerning visitation, neither party appeared to focus any of their argument on what is in the best interest of their minor children. After reviewing the current and proposed orders, this Court comes to the conclusion that although the details of the proposed and current orders differ, the substance of said orders are essentially the same. No credible and convincing evidence was introduced at the hearing that it is in the best interest of the children to change the existing visitation orders to incorporate the proposed amendments, or that it is not in the best interests of said children to leave the current orders in place. This Court therefore comes to the conclusion that it is in the best interests of the children to leave the current orders intact instead of introducing additional change and stress into their lives at this time. The Motion for Modification is denied.
 Richard Allan Robinson, J. March 18, 2003